# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AYANA ANDREWS, Parent & Next Friend of S.H., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, *et al.*,<br><br>    Defendants. | Civil No. **PJM 19-706** |

\* \* \* \* \* \* \*     \* \* \* \* \* \*

| | |
|---|---|
| MONICA HARLEY, Parent & Next Friend of D.W., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, *et al.*,<br><br>    Defendants. | Civil No. **PJM 19-709** |

\* \* \* \* \* \* \*     \* \* \* \* \* \*

| | |
|---|---|
| JANE DOE #12, Individually and as Parent & Next Friend of JOHN DOE #9, a minor,<br><br>    Plaintiffs,<br><br>v.<br><br>PRINCE GEORGE'S COUNTY BOARD OF EDUCATION, *et al.*,<br><br>    Defendants. | Civil No. **PJM 19-1307** |

\* \* \* \* \* \* \* \*     \* \* \* \* \* \*

1

| | |
|---|---|
| **JANE DOE #13, Individually and as Parent & Next Friend of JOHN DOE #10, a minor,** | * * * |
| Plaintiffs, | * * |
| v. | * Civil No. **PJM 19-1314** |
| | * |
| **PRINCE GEORGE'S COUNTY BOARD OF EDUCATION**, *et al.*, | * * * * |
| Defendants. | * |

\* \* \* \* \* \* \*     \* \* \* \* \* \* \*

| | |
|---|---|
| **JOHN DOE #7 AND JANE DOE #11, Individually and as Parents & Next Friends of JOHN DOE #8, a minor,** | * * * * |
| Plaintiffs, | * * |
| v. | * Civil No. **PJM 19-1368** |
| | * |
| **PRINCE GEORGE'S COUNTY BOARD OF EDUCATION**, *et al.*, | * * * * |
| Defendants. | * |

## MEMORANDUM OPINION

This Memorandum Opinion applies to five separate civil cases, all of which concern Defendant Deonte Carraway's alleged sexual acts with minor children while employed at Sylvania Woods Elementary School. In separate criminal proceedings in federal and state court, Carraway pled guilty to crimes including child sex abuse, and is now incarcerated in federal prison.

These five civil suits are brought by the parents and next friends of minor children Carraway is said to have harmed and by the children themselves. Notably, there are at least nine similar cases involving Carraway in the Circuit Court for Prince George's County that have been consolidated for the purpose of the state proceedings. The cases presently before this Court were

2

originally before the Circuit Court for Prince George's County, but were removed here by Defendant Prince George's County Board of Education ("Board of Education").[1] Plaintiffs in each of the five cases have filed Motions to Remand to state court and the Board of Education has responded. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6.

For the following reasons, the Motions to Remand are **GRANTED** as to Civ. No. PJM 19-1307, Civ. No. PJM 19-1314, and Civ. No. PJM 19-1368 and **DENIED** as to Civ. No. PJM 19-706 and Civ. No. PJM 19-709.

*a. Removal and Remand*

Generally, a defendant may remove to federal court any civil action brought in state court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Here federal jurisdiction is properly grounded in federal question jurisdiction, 28 U.S.C. § 1331, since each of the cases includes at least one claim under federal law.[2] Accordingly, none of the Parties dispute that this Court has proper subject matter jurisdiction.

The Plaintiffs in all five cases do, however, claim that their respective cases should be remanded because of a procedural defect in the removal process. More specifically, they claim that the Board of Education failed to obtain Carraway's consent for the removal and therefore failed to comply with the requirement that "[a]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) ("The Supreme Court has construed these statutes to require all defendants in a case to join in or consent to removal, creating

---

[1] Each of the five cases name the Board of Education and Carraway as defendants. Civ. No. PJM 19-1307, Civ. No. PJM 19-1314, and Civ. No. PJM 19-1368 also name Sylvania Woods Elementary School Principal Michelle Williams. Furthermore, Civ. No. PJM 19-1368 also names the City of Glenarden, Glenreed Affordable LLC, and Community Services Foundation Corporation as defendants. In Civ. No. PJM 19-1368, the City of Glenarden filed the Notice of Removal on behalf of Defendants in that case.
[2] Each case contains at least one count under 20 U.S.C. § 1681, *et seq.*, 42 U.S.C. § 1983, or 18 U.S.C. 2252A.

3

the so-called 'rule of unanimity.'"). Indeed, the Parties agree that Carraway did not consent to the removal.[3]

Instead, the Board of Education argues that Carraway need not consent to the removal because he is a "nominal party" and is therefore excepted from the general requirement that all defendants must join in the removal. The Court disagrees.

Determining whether a party is nominal is a straightforward inquiry based upon the particular facts of the case and focused on whether the non-consenting party, e.g. Carraway, has an interest in the outcome of the case. *Hartford Fire*, 736 F.3d at 260-61. Moreover, the Fourth Circuit has advised that "the word nominal should be taken to mean what a good dictionary says it should mean: 'trifling' or 'existing in name only.'" *Id.*, 260 (citing Black's Law Dictionary 1148 (9th ed. 2009)). Clearly Carraway is not a nominal party. He is allegedly the primary wrongdoer, a central figure in each of the cases, and potentially subject to substantial money judgments. Accordingly, the removal in each case was procedurally defective.

b. *Cases Civ. No. PJM 19-1307, Civ. No. PJM 19-1314, and Civ. No. PJM 19-1368*

For this reason,[4] and since the Motions to Remand were timely filed in Civ. No. PJM 19-1307, Civ. No. PJM 19-1314, and Civ. No. PJM 19-1368,[5] the Motions to Remand in these cases are **GRANTED**.

---

[3] Counsel for the Board of Education sought Carraway's consent for removal on November 21, 2018, and subsequently on April 17, 2019. However, Carraway, then incarcerated in federal prison, refused to participate in each of the requested phone calls. *See, e.g.*, Civ. No. PJM-19-1368, ECF No. 1-14.

[4] Plaintiffs in these three cases also seek to remand on abstention grounds. However, there is no need to address abstention as to these cases.

[5] In Civ. No. PJM 19-1307, the Board of Education filed its Notice of Removal on May 3, 2019, and Plaintiffs filed their Motion to Remand on May 29, 2019. In Civ. No. PJM 19-1314, the Board of Education filed its Notice of Removal on May 3, 2019, and Plaintiffs filed their Motion to Remand on May 28, 2019. In Civ. No. PJM 19-1368, the Board of Education filed its Notice of Removal on May 9, 2019, and Plaintiffs filed their Motion to Remand on June 4, 2019.

c. *Cases Civ. No. PJM 19-706 and Civ. No. PJM 19-709*

On the other hand, the Motions to Remand in Civ. No. PJM 19-706 and Civ. No. PJM 19-709 were not timely filed.

Title 28 U.S.C. § 1447(c), which governs the procedure after removal, states: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The "[f]ailure of all defendants to join in the removal petition does not implicate the court's subject matter jurisdiction. Rather, it is merely an error in the removal process. As a result, a plaintiff who fails to make a timely objection waives the objection." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006). Courts must strictly adhere to this 30-day deadline. *Almutairi v. Johns Hopkins Health Sys. Corp.*, 2016 WL 97835 (D. Md. 2016).

The Board of Education filed its Notice of Removal in both of these cases on March 6, 2019, and the respective Plaintiffs did not file a Motion to Remand until June 24, 2019, more than 30 days later. Even though the Court invited Plaintiffs to file Motions to Remand, Plaintiffs were already out of time. Thus, by failing to file for remand within 30 days, Plaintiffs, and for that matter, Carraway, waived their right to seek remand and accepted the jurisdiction of the federal court. *See Payne*, 439 F.3d 198, 203-204 (4th Cir. 2006); *See also Miller ex rel. Estate of Dimas v. Morocho Brother's Const., Inc.*, 2004 WL 727040 (M.D.N.C. 2004) (stating plaintiffs, as well as defendants who did not consent to the removal, waived their right to remand by not filing for removal within 18 U.S.C. § 1447(c)'s 30-day deadline).

5

Thus, even though the removal was procedurally defective, since the Motions to Remand were not timely filed in Civ. No. PJM 19-706 and Civ. No. PJM 19-709,[6] the Motions to Remand in these cases are **DENIED**.

Separate Orders will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**September 9, 2019**

---

[6] Plaintiffs also seek to remand on abstention grounds. However, federal courts may remand a case based on abstention principles only where the relief being sought is equitable or declaratory. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719 (1996). Accordingly, because Plaintiffs in these cases only seek money damages, the Court may not remand on the basis of abstention.